UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIT L. BELYEW, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>CALIFORNIA GOVERNOR BROWN, et al.,<br><br>            Defendants. | No. 2:15-cv-453-MCE-EFB PS<br><br><br>ORDER |

Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Their joint declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiffs may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiffs' complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). For that reason, every federal court has an obligation to satisfy itself not only of its own jurisdiction. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires a claim(s) arises under a federal law and that the complaint allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts and the party asserting the court's jurisdiction bears the burden of demonstrating otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, jurisdiction is not clear because the complaint is imprecise as to what causes of action are being asserted, and to the extent that one or more causes of action are suggested, it is unclear which claims are being asserted as to which defendants.

Plaintiffs' complaint alleges that law enforcement agencies from El Dorado County, Placer County, Sacramento, Placerville, Lincoln and Rancho Cordova; the Federal Bureau of Investigation; the California Department of Justice; the California Department of Corrections; the United States Forest Service; the Social Security Administration; California state court judges; California prosecutors; California's governor; the President of the United States; and Tsi-Akim Maidu Corporation committed various crimes against plaintiffs. ECF No. 1 at 3. The alleged crimes include body and property searches, destruction of property, harassment, stalking, threats of fabricating "criminal cases, with physical and mental harm," "unconstitutional attempts to put Mr. Belyew into Slavery," and robbery. *Id*. at 4.

Plaintiffs further allege that their right to due process was violated due to Judge Phimister's deliberate indifference in processing their criminal cases and by Judge Wagoner "stealing Mr. Belyew's vehicle and retaliating against Mrs. Belyew for Mr. Belyew reporting Judge WAGONER's criminality for approximately ten years." *Id*. at 5. The complaint also alleges that Ms. Belyew was sexually assaulted by an El Dorado County Deputy Sheriff, and that when plaintiffs attempted to report the assault to the FBI they were denied access to the FBI's offices in Sacramento. *Id*. Plaintiffs also allege that a United States Forest Service officer cuffed Ms. Belyew against her will, searched her car, and stole her "hair-filled comb" for DNA evidence. *Id*. at 6. Plaintiffs further claim that government agencies in El Dorado County

1   "fabricated criminal cases" against Mr. Belyew, stole his vehicle, and tortured him. *Id*. at 9.
2   Plaintiffs contend that the abuse from government agencies has been ongoing for approximately
3   25 years, and that such conduct constitutes "Cruel punishment." *Id*. at 9, 11.
4        Plaintiffs further allege that a Social Security Administration employee, identified only as
5   Chriss, refused to give testimony regarding a government plot to harm and kidnap plaintiffs. *Id*.
6   at 6. Plaintiffs claim that the refusal to testify violated the American with Disabilities Act
7   (ADA). *Id*. at 7. Lastly, plaintiffs allege that President Obama ignored three different telegrams
8   seeking help from officers that were hurting plaintiffs. *Id*. at 6.
9        The initial challenge with screening this complaint is identifying what specific claims and
10  under what statutes plaintiffs are attempting to sue. Their pleading is captioned as a motion for
11  injunctive relief and appointment of counsel, but it includes a prayer for relief and several loosely
12  connected factual allegations against a number of government entities and employees and,
13  liberally construed, suggests an attempt at filing a complaint. Construed as a civil complaint, the
14  pleading nonetheless fails to satisfy the pleading requirements for stating a claim. It makes loose
15  reference to the ADA, the Racketeering Influenced and Corrupt Organization Act (RICO),
16  the Eighth Amendment to the U.S. Constitution, but fails to allege facts demonstrating a plausible
17  claim under any of those authorities.
18       The reference to the Eighth Amendment in the context of allegations against state officials
19  suggests an attempt to assert a claim under 42 U.S.C. § 1983. To assert such a claim, plaintiffs
20  must allege two essential elements: (1) that a right secured by the Constitution or laws of the
21  United States was violated, and (2) that the alleged violation was committed by a person acting
22  under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is
23  not liable on a civil rights claim unless the facts establish the defendant's personal involvement in
24  the constitutional deprivation or a causal connection between the defendant's wrongful conduct
25  and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
26  1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).
27       A municipal entity or its departments (such as a county, a county jail, or a county
28  employee acting in an official capacity) is liable under section 1983 only if a plaintiff shows that

his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Plaintiffs' allegations are too vague and conclusory to identify which defendant engaged in which specific acts that deprived plaintiffs of a federally protected right. Nor do the allegations identify as to each defendant what right was deprived and how the alleged acts would constitute a violation of that right. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice of the claims asserted against each defendant and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must at least some alleged conduct by each defendant which, if taken as true, would entitle plaintiffs to relief under section 1983. Because plaintiffs' complaint fails to do so, any such claims must be dismissed.

Plaintiffs pleading also names state judges and prosecutors as having violated plaintiffs' rights. Judges and prosecutors are generally immune from suit. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). State prosecutors are also entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976). The California Superior Court is also immune from suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Simmons v. Sacramento County Superior Court*,

/////

318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh Amendment bars suit against state superior court and its employees).

Plaintiffs' reference to the ADA also fails to state a claim.  Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132.  In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").  Plaintiffs' complaint alleges no facts that satisfy those required elements. [2]

Further, "[t]o recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139.  Again, plaintiffs' allegations do not meet that requirement.

Additionally, plaintiffs appear to be asserting ADA claims against individual defendants in their individual capacities.  "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person . . . . Thus, as a rule, there is no personal liability under Title II."  *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS

---

[2] Plaintiffs' allegations about the Social Security employee identified only as Chriss are curious.  They assert that "[t]he Belyew Family asked CHRISS to help put the sheriff in jail.  CHRISS refused claiming she would get into trouble.  This is a violation of the [ADA] that this government employee refused to report and testify of these crimes other government employees were executing, Criminal Case P14CRR0207."  ECF No. 1 at 7.

6

1    40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff
2    cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to
3    vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir.
4    2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if
5    the defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181,
6    1187-88 (9th Cir. 2003).

7    The court finds that plaintiffs' claims are too vague and conclusory to state a cognizable
8    claim for relief and must be dismissed. Plaintiffs will be granted leave to file an amended
9    complaint alleges a cognizable legal theory against a proper defendant and with sufficient facts in
10   support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
11   (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any
12   deficiency in their complaints). Should plaintiffs choose to file an amended complaint, the
13   amended complaint shall clearly set forth the claims and allegations against each defendant. Any
14   amended complaint must cure the deficiencies identified above and also adhere to the following
15   requirements:

16   Any amended complaint must identify as a defendant only persons who personally
17   participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.
18   Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
19   constitutional right if he does an act, participates in another's act or omits to perform an act he is
20   legally required to do that causes the alleged deprivation). It must also contain a caption
21   including the names of all defendants. Fed. R. Civ. P. 10(a).

22   Any amended complaint must be written or typed so that it so that it is complete in itself
23   without reference to any earlier filed complaint. L.R. 220. This is because an amended
24   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
25   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
26   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
27   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
28   1967)).

Finally, plaintiffs are cautioned that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to proceed in form pauperis (ECF No. 2) is granted.

2. Plaintiffs' complaint is dismissed with leave to amend, as provided herein.

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 13, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE